[No. 4850.]

# EDWARD CHRISTY *v.* J. H. SULLIVAN.

KNOWLEDGE OF THE LAW.—A party who purchases from another, county war-
rants drawn by the auditor on the treasurer, which show on their face
that they were issued in violation of law, and do not constitute a charge
on the treasury, is presumed to know the law, and if there is no fraud
or misrepresentation on the part of the seller, the purchaser cannot
recover from him the money paid.

APPEAL from the District Court, Sixth Judicial District,
County of Sacramento.

W. A. Anderson was auditor of the county of Sacra-
mento in the years 1866 and 1867. On the 1st day of Oc-
tober, 1866, the board of supervisors allowed him the sum
of $1650, for extending the figures on the general tax-roll
of that year. On the 1st of October, 1867, the board made
him the same allowance. No warrants were issued on the
allowances until 1872, when W. A. McWilliams, who was
auditor, gave the plaintiff the following warrants:

" $1650.                    " SACRAMENTO, February 24, 1872.

"The Treasurer of Sacramento County will pay to the
order of J. H. Sullivan, assignee of W. A. Anderson, ex-
County Auditor, one thousand six hundred and fifty dollars,
in full payment of his account for extending tax-roll of
1866; allowed October 1, 1866; payable without interest
out of the County General Fund.

"W. A. McWILLIAMS,
"Auditor Sacramento County."

" $1650.                    " SACRAMENTO, February 24, 1872.

"The Treasurer of Sacramento County will pay to the
order of J. H. Sullivan, assignee of W. A. Anderson, ex-
County Auditor, one thousand six hundred and fifty dollars,
in full payment of his account for extending tax-roll of
1867; allowed October 1, 1867; payable without interest
out of the County General Fund.

"W. A. McWILLIAMS,
"Auditor Sacramento County."

The board had no authority in law to make an allowance to the auditor for the services designated, beyond the sum of $500 for any one year. Sullivan, the defendant, sold the warrants to the plaintiff soon after they were issued, for $2772. This action was brought to recover from the defendant the money paid for the warrants. The plaintiff had judgment, and the defendant appealed.

The other facts are stated in the opinion.

*George Cadwalader,* for the Appellant.

The warrants were not negotiable paper, nor evidence of indebtedness, but merely a means prescribed by law for drawing money from the county treasury. (*Dana* v. *San Francisco,* 19 Cal. 486.) They were bought in open market at sixteen per cent. discount. The warrants upon their face stated the consideration or services upon which they were issued. Why should not such a "purchaser beware" and be bound by the maxim of *caveat emptor?* (Parsons on Contracts, 459; Benjamin on Sales, 309; *Roseman* v. *Cannovan,* 43 Cal. 111; Addison on Contracts, 542.)

*Beatty & Denson,* for the Respondent.

The doctrine of *caveat emptor* has no application to the facts of this case. Strictly speaking, a county warrant has no independent value. It has none of the qualities of negotiable paper under the law merchant. No action could be maintained against one indorsing such an instrument, as an indorser. It creates no debt, or even evidence of a debt, against a county. The actual, potential thing which was the object of the contract between the parties here, was a debt against the county. On the part of the plaintiff, the supposed existence of such debt, and its acquisition by him, was the essential inducement to the contract. The pretended warrants were drawn payable to the defendant. In offering them for sale, he, by implication, represented to the purchaser that they were valid instruments, based on an actual indebtedness from the county to him, and neither of the parties can be held to have regarded their indorsement as anything else than the vehicle of assignment of such in-

debtedness, and an authority to the purchaser to receive the amount of money respectively specified therein, from the county. But it turns out that these pretended warrants were void; in other words, that they were not county warrants; that the supposed indebtedness upon which they were based was non-existent. The defendant parted with nothing, and the plaintiff obtained nothing for his money. There was a total failure of consideration on the part of the defendant, and it would be unconscionable for him to retain the money he has received from the plaintiff. (*Dana* v. *San Francisco*, 19 Cal. 486; 2 Kent's Com. 469; *Boyd* v. *Anderson*, 1 Overton, 428; *Marklen* v. *Hatfield*, 2 Johns. 485.)

By the COURT:

There does not appear to have been any fraud or misrepresentation by the defendant in the sale of the warrants to the plaintiff, nor were they forged or simulated. On the contrary, they were drawn by the county auditor on the country treasurer, in the usual form. It appeared. however, on their face, that, as the law then stood, they did not constitute a valid charge on the county treasury. The plaintiff is chargeable with notice of all the facts which were patent on the face of the warrants, and must be presumed to have known that they did not constitute a charge upon the treasury, as the law then was. The maxim, *ignorantia legis non excusat*, applies to such a case. (*Kenyon* v. *Welty*, 20 Cal. 640.) Having purchased with a knowledge of the facts, and being presumed to know the law applicable to the facts, the plaintiff got precisely what he purchased; and if his speculation has proved unprofitable, he must be content with the result. The following authorities, we think, are conclusive against the plaintiff: Benjamin on Sales, 309; *Lamert* v. *Heath*, 15 M. and W. 487; *Lawes* v. *Purser*, 6 E. and B. 930.

Judgment and order reversed and cause remanded for a new trial.